# IN THE COURT OF APPEALS OF IOWA

No. 18-0778
Filed July 5, 2018

**IN THE INTEREST OF N.W.,**
**Minor Child,**

**C.W., Mother,**
         Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Ryan P. Tang of Law Office of Ryan P. Tang P.C., Marion, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her child, N.W., arguing the State failed to prove the grounds for termination by clear and convincing evidence and termination is not in the child's best interests. We review these claims de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In doing so, we are not bound by the juvenile court's findings of fact, although we give them weight, especially those concerning witness credibility. *See id.*

N.W. was removed from the mother's care shortly after birth due to concerns about the mother's substance abuse. Although the mother's older child had been adjudicated to be a child in need of assistance (CINA) in 2016 due to the mother's use of methamphetamine while the child was in her care, the mother had failed to engage in substance-abuse treatment before N.W.'s birth. The mother tested positive for methamphetamine and cocaine while pregnant with N.W., and N.W. tested positive for methamphetamine and cocaine at birth.

The juvenile court adjudicated N.W. to be a CINA. When the mother failed to address her substance-abuse issues during the CINA proceedings, the State filed a petition seeking to terminate the mother's parental rights to N.W. Following a hearing, the juvenile court terminated the mother's parental rights to N.W. pursuant to Iowa Code section 232.116(1)(h) (2017).

In order to terminate parental rights, the juvenile court must first find clear and convincing evidence supporting one of the grounds for termination listed under Iowa Code section 232.116(1). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). To terminate a parent's rights under section 232.116(1)(h), clear and convincing evidence must establish the following:

>(1) The child is three years of age or younger.
>(2) The child has been adjudicated a [CINA] pursuant to section 232.96.
>(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother does not dispute there is sufficient evidence to support the first three requirements for termination under section 232.116(1)(h). Instead, she challenges the sufficiency of the evidence supporting the fourth requirement, claiming that "with the aid of services offered through the Department [of Human Services (DHS)]," custody could be safely returned to her "under the protective supervision of the [DHS]." The question is whether returning the child to the mother at the time of the termination hearing would expose the child to the kind of harm that would lead to a CINA adjudication. *See* Iowa Code § 232.116(1)(h)(4) (requiring proof the child could not be returned to the parents "as provided in section 232.102 at the present time"); *D.W.*, 791 N.W.2d at 707 (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992) ("[A] child cannot be returned to the parent under Iowa Code section 232.102 if by doing so the child would be exposed to any harm amounting to a new [CINA] adjudication.").

Clear and convincing evidence shows the child could not be returned to the mother's care at the time of the termination hearing without exposing the child to harm that would lead to a CINA adjudication. The mother was in a residential treatment program at the time the termination hearing was held on January 19,

2018. She had only begun the program on January 9, 2018, at which time she tested positive for amphetamine. She was expected to remain in treatment until February 7, 2018. In light of the mother's lengthy history of substance abuse and denial of the same, this meager start in addressing her substance-abuse issues on the eve of termination is insufficient to support a finding the child could be returned safely to the mother's care.

We next turn to the mother's claim that termination is not in N.W.'s best interests. In making the best-interests determination, the primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

The mother argues that termination would be "detrimental" to N.W., citing section 232.116(3)(c) (stating the court need not terminate parental rights if it finds clear and convincing evidence that the termination would be detrimental to the child due to the closeness of the parent-child relationship). The record does not support her assertion. N.W. was removed from the mother's care at two days of age and has never been returned to the mother's home. The mother's only contact with N.W. during N.W.'s short life has been during supervised visits. N.W.'s need for permanency and safety outweigh any possible negative effects from terminating the mother's parental rights. Termination is in N.W.'s best interests.

Accordingly, we affirm.

**AFFIRMED.**